## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| LAFAYETTE DEANDRE VAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-cv-1488 |
| ) | |
| JEFF E. KRUEGER, Warden, ) | |
| ) | |
| Respondent. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). For the reasons stated below, it is clear that Petitioner is not entitled to relief under § 2241 and the Petition must be DENIED.

### BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois. In 2007, Petitioner was convicted by a Minnesota federal jury of 1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and had his sentence enhanced under 18 U.S.C. § 924(e)(1). *United States v. Van*, 543 F.3d 963, 964 (8th Cir. 2008). At his sentencing, Petitioner was determined to be an armed career criminal with three prior convictions the court relied upon to impose a § 924(e) sentencing enhancement. Petitioner objected that the three felony drug convictions listed in his Presentence Investigation Report ("PSI") should be considered as one offense for purposes of the ACCA. The sentencing court held that each of the three 2003 drug convictions noted in the PSI were separate offenses and also that Petitioner

had a fourth qualifying predicate offense, a 1999 simple robbery conviction noted in paragraph 26 of the PSI. *United States v. Van*, No. CIV. 12-2107 MJD, 2013 WL 1703444, at *1 (D. Minn. Apr. 19, 2013). Petitioner was sentenced to terms of imprisonment of 213 months and nineteen days.

Petitioner filed a direct appeal that was denied by the Eighth Circuit Court of Appeals on October 3, 2008. *Van*, 543 F.3d 963. In his appeal, he argued that the evidence presented at his trial was insufficient and that his prior drug convictions were not separate offenses for purposes of the ACCA. *Id*. Petitioner later filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in a district court in Kentucky arguing that there was insufficient evidence to support his conviction; that the ACCA should not have been applied; and that his sentence violated the Due Process Clause. *See Van v. Wilson,* Civil No. 10–210–GFVT, 2011 WL 2550537, at *1 (E.D. Ky. June 23, 2011). That court dismissed the § 2241 petition and the ground that it presented issues that should have been presented in a § 2255 motion before the sentencing court.

Thereafter, in 2012, Petitioner filed a § 2255 motion in his sentencing court arguing that the ACCA was improperly applied to his sentence because he did not have three qualifying predicate offenses. *Van*, 2013 WL 1703444, at *2. The court found Petitioner's motion to be untimely and dismissed it on that basis. *Id*.

Now Petitioner brings another petition for habeas relief under 28 U.S.C. § 2241. In it he argues, as he has in his previous attempts at appellate and collateral relief, that he cannot be classified as an armed career criminal under the ACCA because he does not have three predicate convictions needed for the ACCA

enhancement pursuant to 18 U.S.C. § 924(e)(1). However, in the instant petition, Petitioner argues for the first time that his sought-after relief is compelled by *Mathis v. United States*, 136 S. Ct. 2243 (U.S. 2016).

### LEGAL STANDARDS

This Court, in its discretion, applies Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to cases such as these purporting to arise under 28 U.S.C. § 2241. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 1(b).[1] Rule 4 requires the Court to "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." Pursuant to Rule 4 then, the Court will examine the Petition and determine whether it plainly appears the Petitioner is entitled to relief.

Federal prisoners like Petitioner who wish to collaterally attack their convictions or sentences ordinarily must generally do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). They may petition under 28 U.S.C. § 2241 only in the rare circumstance in which the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause"). The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998). Moreover, the mere fact that a movant lost on his § 2255 motion does not render § 2255 an inadequate or ineffective remedy to challenge the legality of his sentence.

---

[1] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (ruling Rule 4 takes precedence over 28 U.S.C. § 2243's deadlines and gives court discretion to set deadlines).

3

Lastly, a habeas petition under § 2241 is not a substitute for an appeal of a rejected § 2255 motion or of an unsuccessful direct appeal. *See, e.g., McGee v. Cross*, No. 14-cv-00149-DRH, 2014 WL 793445 (S.D. Ill. Feb. 26, 2014).

## DISCUSSION

The first issue presented by the petition is whether it satisfies 28 U.S.C. § 2244(a). That provision states that

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Petitioner has challenged the legality of his sentence twice before in two separate habeas actions. However, this is the first time Petitioner has argued to a court that *Mathis v. United States*, 136 S. Ct. 2243, compels the conclusion that he is not an armed career criminal under the ACCA and thus no court has ever addressed this particular challenge to the legality of Petitioner's sentence. Therefore, the Court finds that 28 U.S.C. § 2244(a) does not bar this suit.

Next, as a federal prisoner challenging the validity of his sentence, Petitioner would ordinarily be required to bring his claim as a § 2255 motion. However, a federal prisoner whose claim falls within the scope of a 28 U.S.C. § 2255 motion may nonetheless file for a writ of habeas corpus under 28 U.S.C. § 2241 in very limited circumstances as provided in § 2255(e). The specific provision reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that

such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). This has the effect of barring most habeas corpus petitions filed by federal prisoners absent a showing that § 2255 is inadequate. *Id.*; *see also Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007).

Thus, another primary question before the Court is whether a § 2255 motion would be "inadequate or ineffective to test the legality of [Petitioner's] detention." 28 U.S.C. § 2255(e). The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998). The fact that a previous § 2255 motion was denied also fails to make § 2255 inadequate to test the legality of detention. *Stirone v. Markley*, 345 F.2d 473, 474 (7th Cir. 1965).

A long drawn out analysis of whether this claim satisfies § 2255(e) is unnecessary. The Court interprets Petitioner's claim to be a stand-alone claim that he is not an armed career criminal under *Mathis*, 136 S. Ct. 2243. The Seventh Circuit has held that "[a]n independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241." <u>Dawkins v. United States</u>, 829 F.3d 549, 551 (7th Cir. 2016). This is so because where there is a change in the law that would render a prisoner actually innocent, yet <u>it is not a rule of constitutional law</u> that would allow the prisoner to bring a successive § 2255 motion pursuant to § 2255(h), § 2241 may be available. *In re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998). This line of reasoning has been extended to cases in which the prisoner is not actually innocent of the crime of conviction, but is ineligible for a sentence enhancement under the Armed Career Criminal Act ("ACCA") based on a <u>retroactive</u> change in the law, as

5

that may be a comparable fundamental error. *See, e.g.*, *Brown v. Rios*, 696 F.3d 638, 640-41 (7th Cir. 2012) (emphasis added). Since *Mathis* is a case of statutory interpretation and did not announce any rule of constitutional law, this § 2241 action is proper.

Petitioner's substantive claim is that Minnesota's controlled substance offenses contain alternative means, not alternative elements, and therefore two of his ACCA "serious drug offenses" predicated on his Minnesota controlled substance offenses do not match up under the categorical approach. Without these two serious drug offenses, there would not be three qualifying convictions for the ACCA enhances sentence.[2] Petitioner misapprehends the impact of *Mathis*.

In *Mathis*, the Supreme Court found that an Iowa burglary conviction was not a predicate offense under the ACCA because the Iowa burglary statute contained elements that were broader than the generic burglary statute. 136 S. Ct. at 2243. *Mathis* did not recreate or modify the categorical approach to determining whether elements of a statute of conviction match up with the element of the offense envisioned by 18 U.S.C. § 924(e) in the way the Petitioner argues here. Simply because a statute of offense contains alternative means instead of alternative elements does not mean the statutory offense cannot serve as an ACCA predicate. As the Seventh Circuit has just explained, the *Mathis* court "did not distinguish between means and elements to dictate which parts of a statute matter in a predicate-offense analysis. The Court instead made this distinction to explain when it is appropriate to

---

[2] Petitioner does not challenge his robbery conviction as a proper ACCA predicate offense.

use the categorical approach versus a "modified" categorical approach." *United States v. Rivera*, No. 16-1322, 2017 WL 461092, at *2 (7th Cir. Feb. 3, 2017).

In *United States v. Bynum*, the Eighth Circuit determined that the Minnesota statute that criminalized the sale of drugs for offering "to sell, give away, barter, deliver, exchange, distribute or dispose of" drugs, regardless of the defendant's specific intent or ability to carry out the sale, "involves" the distribution of drugs and was therefore categorically a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A)(ii) under the modified categorical approach. 669 F.3d 880, 887 (8th Cir. 2012). Petitioner's two drug offenses—selling controlled substances in the second degree and third degree in violation of Minnesota Statutes 152.022 and 152.023—<u>both</u> use the term "sell" which is defined to mean (1) to sell, give away, barter, deliver, exchange, distribute or dispose of to another, or to manufacture; or (2) to offer or agree to perform an act listed in clause (1); or (3) to possess with intent to perform an act listed in clause (1). Minn. Stat. Ann. § 152.01 Subd. 15a (West).

ACCA's relevant definition of the term "serious drug offense" is "an offense under State law, involving <u>manufacturing</u>, <u>distributing</u>, or <u>possessing</u> with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii). An ACCA offense involves manufacturing, distributing, or possessing a controlled substance with intent to manufacture or distribute such controlled substance. Although the Minnesota offense involves "offering" or "agreeing" to "sell" controlled substances in addition to merely selling them, both conspiracy and attempt to distribute controlled substances are also "serious drug offenses" under the ACCA.

7

*Bynum*, 669 F.3d at 887 citing 21 U.S.C. § 846 and *United States v. Brown,* 408 F.3d 1016, 1017–18 (8th Cir. 2005).

In short, there are no elements present in the Minnesota statutes of conviction that render them broader than the definition of "serious drug offense" in 18 U.S.C. § 924(e)(2)(A)(ii). Thus, Petitioner's argument is without merit.

## CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is DENIED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 23rd day of February, 2017.

        s/ Joe B. McDade
        JOE BILLY McDADE
        United States Senior District Judge